1  JOSEPH P. RUSSONIELLO (CABN 44332)
   United States Attorney
2
   BRIAN J. STRETCH (CABN 163973)
3  Chief, Criminal Division

4  GARTH HIRE (CABN 187330)
   Assistant United States Attorney
5
      1301 Clay Street, Suite 340-S
6     Oakland, California 94612-5217
      Telephone:  (510) 637-3929
7     Facsimile:   (510) 637-3724
      E-Mail:       Garth.Hire@usdoj.gov
8
   Attorneys for Plaintiff
9

10                     UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                          OAKLAND DIVISION

13 UNITED STATES OF AMERICA,            )     No. CR 09-01157 DLJ
                                        )
14      Plaintiff,                      )     STIPULATION AND **PROTECTIVE**
                                        )     **ORDER** REGARDING PRODUCTION OF
15  v.                                  )     CONFIDENTIAL DISCOVERY
                                        )
16 JOSE ANTONIO CRUZ,                   )
                                        )
17      Defendant.                      )
                                        )
18 _____

19      Plaintiff, by and through its attorney of record, and defendant, by and through his

20 attorney of record, hereby stipulate and ask the Court to find as follows:

21      1.     A federal grand jury has returned an indictment charging defendant with:

22 (1) conspiracy to distribute, and possess with intent to distribute, fifty grams or more of actual

23 methamphetamine (21 U.S.C. §§ 846, 841(b)(1)(A)(viii)); (2) distribution, and possession with

24 intent to distribute, methamphetamine (21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), (B)(viii)); and

25 (3) distribution of methamphetamine within 1,000 feet of a playground (21 U.S.C. § 860).

26      2.     The government believes that the proposed protective order is necessary to

27 preclude discovery materials, which may reflect the identities of potential witnesses and

28

STIPULATION AND PROPOSED PROTECTIVE
ORDER REGARDING CONFIDENTIAL DISCOVERY

cooperating defendants, or information from which those identities may be discovered, from being disseminated among members of the public and the various defendants related to this case.

       3.       The parties agree that no inference should be drawn about defendant's dangerousness because of his agreement to enter into this stipulation and be subject to the protective order.

       4.       The parties agree that the following conditions, if ordered by the Court, should serve the government's interest in protecting witnesses, defendants, and other members of the community by precluding the circulation of sensitive information and evidence, while permitting the defense to obtain discovery. Accordingly, the parties jointly request that the Court order as follows:

       a.       For purposes of this Order, the term "defense team" refers to: (1) the counsel of record for defendant and any other attorneys and staff at his firm given access to Confidential Discovery as defined in this Order; (2) defense investigators assisting counsel with this case; and (3) any expert witnesses who may be retained by the defense team. Each member of the defense team must provide the government with a letter indicating that they have read this stipulation and agree to be bound by its terms. For purposes of this Order, the term "defense team" does <u>not</u> include defendant.

       b.       The government is authorized to provide the defense team with discovery required by F.R.Cr.P. 16 and may, in its discretion, designate any discovery produced as "Confidential Discovery" to be governed by the terms of this protective order. The government may designate discovery as confidential by marking such discovery as "CONFIDENTIAL" and shall produce such discovery in a binder or on a DVD or CD marked "WARNING: CONTENTS SUBJECT TO PROTECTIVE ORDER. UNAUTHORIZED COPYING OR VIEWING IS SUBJECT TO PUNISHMENT AS CONTEMPT OF COURT."

       c.       The defense team shall not permit anyone, <u>including defendant</u>, to have physical possession of Confidential Discovery pursuant to this Order other than the defense team.

       d.       The defense team shall not make photographic or electronic copies of the

STIPULATION AND PROPOSED PROTECTIVE
ORDER REGARDING CONFIDENTIAL DISCOVERY 2

Confidential Discovery. The defense team shall not divulge or show the contents of any Confidential Discovery provided pursuant to this Order to anyone other than the individual defendant it represents. The defense team may show Confidential Discovery to the individual defendant it represents in the physical presence of a defense team member but may not permit that defendant to have physical possession of the Confidential Discovery.

e. The defense team shall not permit Confidential Discovery provided pursuant to this Order to be outside of the defense team's offices, homes, vehicles, or personal presence. The defense team may take Confidential Discovery into a custodial facility to show it to the individual defendant it represents but, as explained above, the defense team must maintain physical possession of the Confidential Discovery and may not allow the defendant to have or retain physical possession of the Confidential Discovery.

f. In the event that one of the parties files a pleading that references or contains Confidential Discovery or information therefrom, that filing must be made under seal.

g. The defense team shall return all Confidential Discovery provided pursuant to this Order to the government fourteen calendar days after any one of the following events, whichever occurs latest in time: dismissal of all charges against defendant; defendant's acquittal by court or jury; or the conclusion of any direct appeal. In the event that the defense team has made notes or marks on the Confidential Discovery constituting work product the defense team shall return the materials to the government in a sealed container labeled "WORK PRODUCT-DESTROY."

h. After the conclusion of proceedings in the district court or any direct appeal in the above-captioned case, the government will maintain a copy of all Confidential Discovery produced. The government will maintain such documents until the time period for filing a motion pursuant to 28 U.S.C. § 2255 has expired. After the statutory time period for filing such a motion has expired, the government may destroy the documents. In the event a defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the government will provide that counsel with a copy of the Confidential Discovery under the same restrictions as trial and direct appeal defense counsel. Defendant's attorney in any action under

28 U.S.C. § 2255 shall return the Confidential Discovery fourteen calendar days after the district court's ruling on the motion or fourteen calendar days after the conclusion of any direct appeal of the district court's denial of the motion, whichever is later

IT IS SO STIPULATED.

DATE:                                                                 Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

_____/s/_____
GARTH HIRE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

_____/s/_____
DOUGLAS I. HORNGRAD, ESQ.

Counsel for Jose Antonio Cruz

### ORDER

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED:  The government is hereby authorized, pursuant to Federal Rule of Criminal Procedure 16, to disclose discovery to the defense and may designate discovery to be governed by this protective order as Confidential Discovery.   The parties are hereby ordered to comply with the conditions set forth in paragraphs 4(a)-(h) of this stipulation and order pursuant to Federal Rule of Criminal Procedure 16(d)(1).

DATED:   March 25, 2010                    _____
                                                                       HONORABLE D. LOWELL JENSEN
                                                                       UNITED STATES DISTRICT JUDGE

STIPULATION AND PROPOSED PROTECTIVE
ORDER REGARDING CONFIDENTIAL DISCOVERY 4